| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK<br>-----------------------------------------------------------------X<br>PHILLIP MCCLOUD,<br><br>                             Plaintiff,<br><br>            -against-<br><br>NASSAU COUNTY SHERIFF'S DEPARTMENT,<br>DIVISION OF CORRECTIONS (PRISON);<br>SHERIFF AT NASSAU COUNTY CORRECTIONAL<br>CENTER, WATCH COMMANDER, CORPORAL<br>OF HOUSING UNIT, CORRECTIONS OFFICER<br>(ASSIGNED TO POST AT THE TIME),<br><br>                            Defendants.<br>-----------------------------------------------------------------X | For Online Publication Only<br><br><br><br>**ORDER**<br>20-CV-01757 (JMA)(ARL)<br><br>FILED<br>CLERK<br><br>3:28 pm, May 13, 2021<br><br>U.S. DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK<br>LONG ISLAND OFFICE |

**AZRACK, United States District Judge:**

On April 9, 2020, incarcerated pro se plaintiff Phillip McCloud ("Plaintiff") commenced this action against the Nassau County Sheriff's Department, Division of Corrections (Prison) ("the Jail"); the Sheriff at Nassau County Correctional Center ("Sheriff"), the Watch Commander, the Corporal of Housing Unit, and a Corrections Officer (assigned to post at the time) (collectively, "Defendants") pursuant to 42 U.S.C. § 1983 ("Section 1983"), alleging a deprivation of his constitutional rights. Plaintiff did not remit the Court's filing fee, nor did he file an application to proceed *in forma pauperis* when he filed the complaint. Accordingly, by Notice of Deficiency, also dated April 9, 2020, plaintiff was instructed to, with fourteen (14) days, either remit the filing fee or to complete and return the enclosed application to proceed in forma pauperis together with the required Prisoner Litigation Authorization form ("PLRA"). On April 27, 2020, plaintiff filed an application to proceed in forma pauperis together with the PLRA.

Upon review of the declarations accompanying plaintiff's application to proceed in forma pauperis, the Court finds that plaintiff's financial status qualifies him to commence this action

1

without prepayment of the filing fee. See 28 U.S.C. § 1915(a)(1). Accordingly, the Court grants plaintiff's application to proceed in forma pauperis and sua sponte dismisses the complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1) for the reasons that follow.

## I. BACKGROUND[1]

Plaintiff's brief, handwritten complaint is submitted on the Court's Section 1983 complaint form. In its entirety, Plaintiff's statement of claim alleges that, on March 22, 2020 at 4:20 in Unit E-1-A at the Nassau County Correctional Center:[2]

> When officers left their post at mealtime I was stabbed by an unknown object, thing (weapon) in the left forearm. After making the officer aware of my wounds I was taken to an outside hospital by officers due to the seriousness of the wounds.

(Compl. ¶ II.) Plaintiff claims that he

> had a 10-15 inch length to 4-5 inch deep stab wound to my left forearm. I was taken to an outside hospital and given 19 stitches 8 of which was under the skin to lessen the width so the outside skin would come together without any further complications. I now have permanent nerve damage, stiffness, numbness down my left forearm and I can't move my fingers. Request for physical therapy non was given.

(Id. ¶ II.A.) For relief, plaintiff seeks to recover a monetary award in the sum of two million dollars. (Id. ¶ III.)

## II. DISCUSSION

**A. In Forma Pauperis Application**

Upon review of plaintiff's declaration in support of the application to proceed in forma

---

[1] All material allegations in the complaint are assumed to be true for the purpose of this Order, see, e.g., Rogers v. City of Troy, New York, 148 F.3d 52, 58 (2d Cir. 1998) (in reviewing a *pro se* complaint for sua sponte dismissal, a court is required to accept the material allegations in the complaint as true).

[2] Excerpts from the complaint are reproduced here exactly as they appear in the original. Errors in spelling, punctuation and grammar have not been corrected or noted.

pauperis, the Court finds that plaintiff is qualified to commence this action without prepayment of the filing fee. 28 U.S.C. § 1915(a)(1). Therefore, plaintiff's application to proceed in forma pauperis is granted.

**B. Standard of Review**

The Prison Litigation Reform Act requires a district court to screen a civil complaint brought by a prisoner against a governmental entity or its agents and dismiss the complaint, or any portion of the complaint, if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). Similarly, pursuant to the in forma pauperis statute, a court must dismiss an action if it determines that it "(i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The Court must dismiss the action as soon as it makes such a determination. 28 U.S.C. § 1915A(b).

Pro se submissions are afforded wide interpretational latitude and should be held "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam); see also Boddie v. Schnieder, 105 F.3d 857, 860 (2d Cir. 1997). In addition, the court is required to read the plaintiff's pro se complaint liberally and interpret it as raising the strongest arguments it suggests. United States v. Akinrosotu, 637 F.3d 165, 167 (2d Cir. 2011) (per curiam) (citation omitted); Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009).

The Supreme Court has held that pro se complaints need not even plead specific facts; rather the complainant "need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (internal quotation marks and citations omitted); cf. Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice."). However, a pro se plaintiff must still plead "enough facts to state a claim to relief that

3

is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Id. at 678. While "'detailed factual allegations'" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. at 678 (quoting Twombly, 550 U.S. at 555).

C. **Federal Rule of Civil Procedure 8**

Federal Rule of Civil Procedure 8 requires a plaintiff to provide "a short and plain statement of the claim showing that the pleader is entitled to relief" against each defendant named so that they have adequate notice of the claims against them. Fed. R. Civ. P. 8(a)(2), see Iqbal, 556 U.S. at 678 (holding that Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). The purpose of Rule 8 "is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable. Powell v. Marine Midland Bank, 162 F.R.D. 15, 16 (N.D.N.Y. 1995) (internal quotation marks and citation omitted). A pleading that only tenders naked assertions devoid of further factual enhancement" will not suffice. Id. (internal citations and alterations omitted). A court may dismiss a complaint that is "so confused, ambiguous, vague or otherwise unintelligible that its true substance, if any, is well disguised." Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988).

D.  **Section 1983**

Section 1983 provides that

[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

42 U.S.C. § 1983. Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." Baker v. McCollan, 443 U.S. 137, 144 n. 3 (1979); Thomas v. Roach, 165 F.3d 137, 142 (2d Cir. 1999). In order to state a § 1983 claim, a plaintiff must allege two essential elements. First, the conduct challenged must have been "committed by a person acting under color of state law." Cornejo v. Bell, 592 F.3d 121, 127 (2d Cir. 2010) (quoting Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994)); see also Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999) ("[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful.") (internal quotation marks and citation omitted). Second, "the conduct complained of must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." Id.; see also Snider v. Dylag, 188 F.3d 51, 53 (2d Cir. 1999).

Moreover, in an action brought pursuant to § 1983, a plaintiff must allege the personal involvement of the defendant in the purported constitutional deprivation. Farid v. Ellen, 593 F.3d 233, 249 (2d Cir. 2010) (citing Farrell v. Burke, 449 F.3d 470, 484 (2d Cir. 2006)). Where a Section 1983 claim fails to allege the personal involvement of the defendant, it fails as a matter of law. See Johnson v. Barney, 360 F. App'x 199, 201 (2d Cir. 2010). An "individual cannot be held liable for damages under Section 1983 'merely because he held a high position of authority.'"

Back v. Hastings on Hudson Union Free Sch. Dist., 365 F.3d 107, 127 (2d Cir. 2004) (quoting Black v. Coughlin, 76 F.3d 72, 74 (2d Cir. 1996)). Rather, as the Second Circuit Court of Appeals recently made clear, "there is no special rule for supervisory liability" and, in order "[t]o hold a state official liable under § 1983, a plaintiff must plead and prove the elements of the underlying constitutional violation directly against the official without relying on a special test for supervisory liability." Tangreti v. Bachmann, 983 F.3d 609 (2d Cir. 2020) *7 (2d Cir. 2020).

### 1. Section 1983 Claims Against the Jail

Plaintiff names the Jail as a defendant. However, the Jail is a non-suable entity because it is merely an administrative arm of the municipality, Nassau County. "Under New York law, departments that are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality and, therefore, cannot sue or be sued." Rose v. Cnty. of Nassau, 904 F. Supp. 2d 244, 247 (E.D.N.Y. 2012) (citing Hall v. City of White Plains, 185 F. Supp. 2d 293, 303 (S.D.N.Y. 2002)); Carthew v. Cnty. of Suffolk, 709 F. Supp. 2d 188, 195 (E.D.N.Y. 2010); see also Sturgis v. Suffolk Cnty. Jail, 12-CV-5263, 2013 WL 245052, *2 (E.D.N.Y. Jan. 22, 2013) (sua sponte dismissing Section 1983 claims because "the Jail and SCPD are administrative arms of the County of Suffolk [ ] [and] lack the capacity to be sued."); see also Davis v. Lynbrook Police Dep't, 224 F. Supp. 2d 463, 477 (E.D.N.Y. 2002) (dismissing claim against the local police department because, as an "administrative arm of a municipality [, it] do[es] not have legal identity separate and apart from the municipality, and therefore, cannot sue or be sued."). Therefore, Plaintiff's claims against the Jail are implausible and are thus dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1). However, given Plaintiff's *pro se* status, the Court considers next whether Plaintiff has alleged a plausible Section 1983 claim when construed as against Nassau County. For the reasons that follow, he has not.

6

## 2. Section 1983 Claim as Construed Against Nassau County

It is well-established that a municipality, such as Nassau County, may be liable under Section 1983 only if the "plaintiff proves that action pursuant to official . . . policy of some nature caused a constitutional tort." Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658 (1978); see also Patterson v. Cnty. of Oneida, 375 F.3d 206, 226 (2d Cir. 2004). Thus, to impose liability on a municipality, the plaintiff must prove that a municipal policy or custom caused a deprivation of the plaintiff's rights. See Wimmer v. Suffolk Cnty. Police Dep't, 176 F.3d 125, 137 (2d Cir. 1999).

To establish the existence of a municipal policy or custom, the plaintiff must allege: (1) the existence of a formal policy officially endorsed by the municipality; (2) actions taken or decisions made by an official with final decision making authority; (3) a practice so persistent and widespread that it constitutes a custom; or (4) a failure by policymakers to properly train or supervise their subordinates, amounting to a "deliberate indifference" to the rights of those who come in contact with the municipal employees. Davis, 224 F. Supp. 2d at 478; Moray v. City of Yonkers, 924 F. Supp. 8, 12 (S.D.N.Y. 1996) (citations omitted). "[A] single incident in a complaint, especially if it involved only actors below the policy making level, does not suffice to show a municipal policy." DeCarlo v. Fry, 141 F.3d 56, 61 (2d Cir. 1998) (internal quotation marks and citation omitted).

Here, as is readily apparent, even affording the pro se complaint a liberal construction, there are simply no factual allegations from which the Court may reasonably infer that the conduct or inaction of which Plaintiff complains was caused by some policy or custom of Nassau County. Santos v. New York City, 847 F. Supp. 2d 573, 576 (S.D.N.Y. 2012) ("[A] plaintiff must allege facts tending to support, at least circumstantially, an inference that such a municipal policy or

custom exists."). Accordingly, Plaintiff has not alleged a plausible Section 1983 claim even when construing the complaint as against Nassau County.

### 3. Claims Against the Sheriff, the Watch Commander, the Corporal of the Housing Unit, and the Corrections Officer Assigned to Post

As discussed above, a § 1983 claim that does not allege the personal involvement of a defendant fails as a matter of law. Johnson, 360 F. App'x at 201. Although Plaintiff seeks to impose liability on the Sheriff, the Watch Commander, the Corporal of the Housing Unit, and the Corrections Officer Assigned to Post as defendants, the complaint contains no allegations or references to any of these individuals and, accordingly, Plaintiff has not alleged a viable § 1983 claim against any of these defendants. Indeed, the entirety of Plaintiff's allegations concerning these individuals consists of the following three sentences:

> When officers left their post at mealtime I was stabbed by an unknown object, thing (weapon) in the left forearm. After making the officer aware of my wounds I was taken to an outside hospital by officers due to the seriousness of the wounds.

(Compl. ¶ II.) Given the absence of any allegations of conduct or inaction attributable to the Sheriff, the Watch Commander, the Corporal, or the Corrections Officer Assigned to Post, Plaintiff's claims against them are implausible and are therefore dismissed without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

Moreover, Plaintiff's complaint fails to allege any plausible deliberate indifference claims against the officers discussed in the excerpt from the complaint above. As a threshold matter, plaintiff does not allege whether he is a pretrial detainee or a convicted prisoner. When brought by pretrial detainees, deliberate indifference claims "are governed by the Due Process Clause of the Fourteenth Amendment, rather than the Cruel and Unusual Punishments Clause of the Eighth Amendment," because "pretrial detainees have not been convicted of a crime and thus

8

may not be punished in any manner—neither cruelly and unusually nor otherwise." Darnell v. Pineiro, 849 F.3d 17, 29 (2d Cir. 2017) (internal quotation marks omitted). A deliberate indifference claim, whether brought pursuant to the Eighth or Fourteenth Amendment, requires that "the alleged deprivation of adequate medical care must be sufficiently serious" and that "the defendant must act with a sufficiently culpable state of mind." See Hong v. Aigle, 18-CV-8110, 2020 WL 2836309, at *3 (S.D.N.Y. June 1, 2020) (internal quotation marks and citation omitted). "The serious medical needs standard contemplates a condition of urgency such as one that may produce death, degeneration, or extreme pain." Charles v. Orange County, 925 F.3d 73, 86 (2d Cir. 2019). With regard to the second prong, the standard for assessing whether the defendant's state of mind is sufficiently culpable is different depending upon which amendment applies to plaintiff's claim. The Second Circuit instructs that a "pretrial detainee must prove that the defendant-official acted intentionally to impose the alleged condition, or recklessly failed to act with reasonable care to mitigate the risk that the condition posed to the pretrial detainee even though the defendant-official knew, or should have known, that the condition posed an excessive risk to health or safety." Darnell, 849 F.3d at 35; see also Charles, 925 F.3d at 86 (applying the same principle to medical treatment, the Second Circuit clarified that "[d]eliberate indifference . . . . can be established by either a subjective or objective standard: A plaintiff can prove deliberate indifference by showing that the defendant official 'recklessly failed to act with reasonable care to mitigate the risk that the condition posed to the pretrial detainee even though the defendant-official knew, or should have known, that the condition posed an excessive risk to [the plaintiff's] health or safety" (quoting Darnell, 849 F.3d at 35)). In contrast, the defendant's state of mind will be sufficiently culpable for an Eighth Amendment deliberate indifference claim where "the

9

defendants must have been actually aware of a substantial risk that the plaintiff would suffer serious harm as a result of their action or inaction and disregarded that risk." Christensen v. Gadanski, 19-CV-1927, 2020 WL 509693, at *3 (D. Conn. Jan. 31, 2020) (citing Salahuddin v. Goord, 467 F.3d 263, 280-81 (2d Cir. 2006).

Even affording the pro se complaint a liberal construction and applying the "more lenient standards of the Fourteenth Amendment", Jimenez v. City of New York, 18-CV-7273, 2020 WL 1467371, at *3 (S.D.N.Y. Mar. 26, 2020), plaintiff's sparse complaint does not sufficiently allege any plausible deliberate indifference claims. Wholly absent are any factual allegations from which the Court could reasonably construe satisfaction of the second prong of a deliberate indifference claim. Accordingly, plaintiff's deliberate indifference claims are implausible and thus is dismissed without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(ii), 1915A(b).

**E. State Law Claims**

Given the nature of plaintiff's allegations, it appears that plaintiff also seeks to allege state law negligence claims. Given the dismissal of plaintiff's federal claims, the Court declines to exercise supplemental jurisdiction over any state law claims in the complaint and dismisses them without prejudice. 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction. . . ."); Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine - - judicial economy, convenience, fairness, and comity - - will point toward declining to exercise jurisdiction over the remaining state-law claims.").

## F. Leave to Amend

A pro se plaintiff should ordinarily be given the opportunity "to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Shomo v. City of New York, 579 F.3d 176 (2d Cir. 2009) (quoting Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 795-96 (2d Cir. 1999) (internal quotation marks omitted)). Yet while "pro se plaintiffs are generally given leave to amend a deficient complaint, a district court may deny leave to amend when amendment would be futile." Id. (citations omitted).

Here, in an abundance of caution, the Court grants Plaintiff thirty (30) days to amend his complaint to properly state a claim. Should Plaintiff choose to file an amended complaint, the amended complaint must identify[3] the individual defendants who are responsible for any deprivation of his constitutional rights and allege facts identifying how each defendant was personally involved in any such deprivation. Plaintiff is advised that an amended complaint replaces the original complaint in its entirety and therefore must include all of relevant claims and factual allegations against the defendants in a single submission. The amended complaint must be captioned as an "Amended Complaint," and bear the same docket number as this Order, 20-CV-1757(JMA)(ARL). If submitted, any amended complaint will be reviewed for compliance with this Order and for sufficiency under Fed. R. Civ. P. 8 and 28 U.S.C. § 1915A. Should Plaintiff choose to prepare an amended complaint, he should carefully consider this Order and amend his claims accordingly.

---

[3] If plaintiff does not know the name(s) of the individuals whom he seeks to hold liable, he may continue to include them as John Doe and Jane Doe defendants. However, plaintiff must include some factual information describing any such individual, including when and how their action or inaction violated plaintiff's rights, such that their identities may be ascertained.

If Plaintiff again fails to plead sufficient facts in his amended complaint, or if he fails to file an amended complaint within thirty (30) days, he will not have another opportunity to re-plead, and the Court will enter judgment.

### III. CONCLUSION

For the forgoing reasons, the Plaintiff's application to proceed *in forma pauperis* is granted. However, Plaintiff's complaint is dismissed *sua sponte* in its entirety pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim for relief. Plaintiff is granted leave to file an amended complaint in accordance with this Order. Any amended complaint must be clearly labeled "Amended Complaint," bear the same docket number as this Order, 20-CV-1757(JMA)(ARL), and shall be filed within thirty (30) days from the date of this Order. Plaintiff is cautioned that an amended complaint completely replaces the original. Therefore, Plaintiff must include all claims against any defendants he seeks to pursue in the amended complaint. If Plaintiff does not file an amended complaint within the time allowed, judgment shall enter and this case will be closed.

Given the dismissal of Plaintiff's complaint, his application for the appointment of pro bono counsel is denied without prejudice and with leave to renew upon filing an amended complaint in accordance with this Order.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

The Clerk of Court shall mail a copy of this Order to the plaintiff at his last known address.

**SO ORDERED.**                            _____/s/ (JMA)_____
                                                    Joan M. Azrack
Dated:   May 13, 2021                     United States District Judge
         Central Islip, New York