UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
PHILLIP MCCLOUD, 201901020,

                 Plaintiff,

     -against-

NASSAU COUNTY SHERIFF'S DEPARTMENT,
Division of Corrections, *et al.*,

                 Defendants.
-------------------------------------------------------------------X

For Online Publication Only

**ORDER**
20-CV-1757(JMA)(ARL)

FILED
CLERK
3:07 pm, Jul 23, 2021
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**AZRACK, United States District Judge:**

By Order to Show Cause dated June 1, 2021 (the "Order"), the Court directed *pro se* plaintiff Phillip McCloud ("plaintiff") to update his address of record in this case by June 30, 2021 after the Court received returned mail marked "return to sender" and "discharged." *See* Docket Entries 15-16. The Order cautioned plaintiff that a failure to do so would lead to the dismissal of his complaint without prejudice pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute. *See* Docket Entry 16. To date, plaintiff has not updated his address with the Court, nor has he otherwise communicated with the Court. In addition, the Court has received a letter from Correction Officer Peletier at the Nassau County Correctional Center wherein he reports that plaintiff was discharged and has not been in custody since April 19, 2021. *See* Docket Entry 17.

"[T]he duty to inform the Court and defendants of any change of address is 'an obligation that rests with all *pro se* plaintiffs.'" *Phair v. Suffolk Cnty. Corr. Fac.*, No. 19-CV-3302, 2020 WL 3489495, *1 (E.D.N.Y. June 26, 2020) (quoting *Alomar v. Recard*, No. 07-CV-5654, 2010 WL 451047, at *2 (S.D.N.Y. Feb. 9, 2010) (citation omitted); *see also Terry v. City of New York*, No. 20-CV-0081, 2020 WL 5913409 (S.D.N.Y. Oct. 6, 2020) (citing plaintiff's "duty to . . . inform this Court's *Pro Se* Office of any change of address" in dismissing complaint for failure to prosecute) (internal citation and quotation marks omitted); *Simmons v. Ramirez*, 17-CV- 00313,

2019 WL 3454484, *2 (S.D.N.Y. July 31, 2019) ("[I]t is Plaintiff's responsibility to inform the Court if his address has changed.").

As is readily apparent, this case cannot proceed unless the Court and defense counsel are able to contact plaintiff. *Tomassi v. Suffolk Cnty.*, No. 19-CV-2537, 2020 WL 5633069, *2 (E.D.N.Y. Sept. 21, 2020) (dismissing complaint where *pro se* plaintiff did not update his address with the Court and did not respond to defendant's letter); *Pagan v. Westchester Cnty.*, 12-CV-7669, 2014 WL4953583, at *5 (S.D.N.Y. Oct. 1, 2014 ("Absent valid contact information, the Court cannot apprise the plaintiffs of their obligations in or the status of their case, and the litigation cannot proceed without their participation."). If a *pro se* litigant fails to keep the Court apprised of his or her current mailing address, "the Court may dismiss the action under Rule 4l(b) [of the Federal Rules of Civil Procedure], for failure to prosecute." *Mercedes v. New York D.O.C.*, 12-CV-2293, 2013 WL6153208, at *2 (S.D.N.Y. Nov. 21, 2013); *Simmons*, 2019 WL 3454484, *3.

Accordingly, the complaint is dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute. *Perez v. McCann*, 17-CV-6051, 2019 WL 2004762, *1 (E.D.N.Y May 7, 2019) ("courts have routinely found that it is the plaintiff's responsibility to keep the Court informed of his current address, and failure to do so may justify dismissal for failure to prosecute.") (internal quotation marks and citation omitted). The Clerk of the Court is directed to enter judgment and to make this case closed.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that *in forma pauperis* status for the purpose of an appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of the Court is directed to mail a copy of this order to the plaintiff at his last known address

2

and to file proof of such service with the Court.   Although it is unlikely that plaintiff will receive the Court's mailing, it will also be posted on the Court's Electronic Case Filing (ECF) system and plaintiff may view it there.

**SO ORDERED.**   \_\_/s/ (JMA)_____
                   JOAN M. AZRACK
Dated:   July 23, 2021                   UNITED STATES DISTRICT JUDGE
         Central Islip, New York

3